JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| See Attachment | |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See Attachment

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding    ☐ 2   Removed from State Court    ☐ 3   Remanded from Appellate Court    ☐ 4   Reinstated or Reopened    ☐ 5   Transferred from Another District *(specify)*    ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 USC 201, et seq - Fair Labor Standards Act

Brief description of cause:
Non-payment/Late (untimely) payment of overtime

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE   Hon. Paul S. Diamond     DOCKET NUMBER   06-345

DATE   10/24/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

ROBERT W. BRENNAN, COLLEEN      :
CARLIN, WILLIAM L. JOERGER III,
RICKY MADISON, MICHAEL MCGUIRE,
STEVEN M. MESETE, RAYMOND      :
MULDERIG, KEVIN MCFADDEN,
NICHOLAS W. PAONESSA, BRIAN K.  :
RILEY, LEO SHETZ, JAMES TAYLOR,
MATTHEW WEBER, CHARLES WEST,  :
CHARLES WINROW, SCOTT
CRAWFORD, MARK PIETRAFESA      :

And others similarly situated,
                    Plaintiff(s),    :    COMPLAINT

        -against-                    :

THE CITY OF PHILADELPHIA,            :
PENNSLYVANIA,
                                     :
                    Defendant.
                                     :
_____

Plaintiffs, by their attorneys, Chamberlain, Kaufman & Jones, complaining of defendant, respectfully allege as follows:

## JURISDICTION AND VENUE

1.    Plaintiffs bring this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §§ 201-219; hereinafter the "Act" or the "FLSA"].

2.    Jurisdiction of this action is conferred upon this Court by § 16(b) of the Act [29 U.S.C. §216(b)] and by 28 U.S.C. §1337.

3.    Venue of this action is established in this Court by §16(b) of the Act [29 U.S.C. §216(b)] and 28 U.S.C. §1391(b).

## THE PARTIES

4.    Plaintiffs were at all relevant times employees of the defendant, THE CITY Of PHILADELPHIA, employed in its Fire Department, located in the Eastern District of Pennsylvania.

5.    The defendant to this action is THE CITY Of PHILADELPHIA, PENNSYLVANIA, which has a principal place of business within the City of PHILADELPHIA in the Eastern District of PENNSYLVANIA.

6.    Pursuant to §16(b) of the Act, [29 U.S.C. §216(b)], plaintiffs bring this action on behalf of themselves and others similarly situated as described in the claim set forth herein.

7.    Pursuant to §16(b) of the Act [29 U.S.C. § 216(b)], the named plaintiffs herein have executed and hereby file with the Court their original consents in writing to become party plaintiffs in this action. Should other individuals similarly situated seek to join this action their consents will be filed with the Court pursuant to 29 USC §216(b).

8.    Plaintiffs were employees who at all relevant times were employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by section 3(s) of the Act [29 U.S.C. § 203(s)].  More specifically, the Plaintiffs are or were employees employed by the City of Philadelphia in the Fire Department who have failed to receive overtime payments in a timely manner, or, upon information and belief, in some cases, not at all.

9.    At all relevant times herein, plaintiffs were entitled to the rights, protections and benefits provided under the FLSA.

2

10. Defendant THE CITY Of PHILADELPHIA, PENNSYLVANIA, is an employer as defined by section 3(d) of the Act [29 U.S.C. §203(d)] and a "public agency" within 29 U.S.C. §203(x).

11. Defendant THE CITY Of PHILADELPHIA, PENNSYLVANIA, is an enterprise, as defined by section 3(r) of the Act [29 U.S.C. §203(r)].

# CLAIM

12. Employers must pay employees covered under the Act overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week (or other applicable overtime threshold) (hereafter "overtime"). Section 7(a)(1) of the Act [29 U.S.C. §207(a)(1).

13. Employers are required to pay employees overtime on the payday for the workweek or work period in which the overtime was worked, unless the amount of overtime due cannot be computed because information required to compute it does not yet exist.

14. The U. S. Department of Labor has set forth this rule in 29 C.F.R. §778.106:

> ... The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of overtime compensation cannot be determined until some time after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable. Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made. . .

The U.S. Court of Appeals for the Third Circuit has affirmed this timely pay requirement in *Brooks v. Village of Ridgefield Park*, 185 F.3d 130 (3d Cir. 1999) and

3

*Dunlop v. New Jersey*, 522 F.2d 504, 510-513 (3d Cir. 1975), *vacated on other grounds sub nom. New Jersey v. Usery*, 427 U.S. 909 (1976).

15.     The plaintiffs, during the applicable statutory time periods, worked in excess of the statutory maximum number of hours provided for in section 7(a)(1) of the Act [29 U.S.C. §207(a)(1)], or other applicable overtime threshold, and defendant failed to comply with the timely payment requirement by failing to compensate plaintiffs in a timely manner for such excess hours at a rate of one and one-half times the regular rate at which the plaintiffs were employed.

16.     Plaintiffs worked two basic kinds of overtime.  One kind consisted of additional shifts.  These overtime shifts were authorized  by a fire department officer (supervisor) prior to the shift being worked by a plaintiff.  Thus, the city knew these shifts were being worked.

17.     A second kind of overtime worked by plaintiffs consisted of an "extended shift" typically caused by the plaintiff being given an assignment by the dispatcher (emergency run or call) that he or she was required to take.  This kind of overtime was also known by the city when it was worked; it was assigned by the dispatcher and a contemporaneous record was made of the call or run.

18.     Thus, the city knew plaintiffs worked extra-shift or extended-shift overtime and its obligation to timely pay the employee for the overtime was absolute.

19.     The city failed to pay overtime due to plaintiffs on the payday for the workweek or work period in which it was worked.

20.     The timing of the payment of overtime to the plaintiffs, regardless of the

4

applicable overtime threshold of any particular fire department employee, is pursuant to the policy and practice of the defendant with respect thereto, applicable to all plaintiffs in the relevant limitations period, including the procedures and policy  set forth in Fire Department Directive No. 8 and Forms Directive 76-89.

21.    Defendant has thus failed to pay plaintiffs time and one-half their regular rate of pay for all hours worked over the respective FLSA overtime thresholds in a timely manner in violation of section 207(a) of the FLSA.  The U.S. Supreme Court has held that an employer's failure to pay overtime in a timely manner under the FLSA is equivalent to failure to make such payments triggering the liquidated damages provisions of the FLSA. *Brooklyn Sav. Bank vs.* O'Neil, 324 U.S. 697, 89 L.Ed. 1296, 65 S.Ct. 895 (1945).

22.    The failure of defendant to compensate plaintiffs at one and one-half times their regular rate for such overtime hours in a timely manner is a violation of section 7 of the Act [29 U.S.C. §207]. Such violation is redressable by plaintiffs as affected employees under section 16(b) of the Act [29 U.S.C. §216(b)].

Willful Violation

23.    The law regarding timing of the payment of overtime compensation is well established, including Third Circuit case law.

24.    A related lawsuit was brought against defendant by fire department employees in 2006 alleging the city's failure to pay overtime in a timely manner as required by the FLSA.  Overtime continued to be paid late under the FLSA.

25.    Defendant knew that fire department employees were not paid their overtime on the payday for the pay period in which the overtime was worked, and in many instances

5

not in the next or subsequent pay periods.

26.  Complaints and inquiries by fire department employees related to non-payment of overtime became so numerous that defendant issued an order directing fire department employees to not make direct inquiries or complaints to payroll or personnel. That directive or order continues to this day.

27.  Yet overtime continued, and continues, to be paid in an untimely manner under the FLSA.

28.  Plaintiffs herein worked overtime but defendant did not inform plaintiffs of the date any such overtime was paid.  Instead, the pay checks received by plaintiffs merely stated the amount of premium pay paid in the pay check with no correlation to any particular overtime worked.  But these amounts rarely corresponded to the amount of overtime worked in the pay period for which the pay check was issued.  Sometimes it may have been less, sometimes more.

29.  As a result of defendant's failure to inform plaintiffs of what overtime any pay check compensated, fire department employees would call payroll (fiscal office) and inquire in an attempt to determine whether a particular overtime was paid.  The number of these calls rose to such a volume that the department issued a directive prohibiting such calls. Employees were instructed in FISCAL 05-17, "All members are advised that inquiries concerning overtime payments are not to be made directly to the Fiscal Office [payroll unit]. . . If an overtime request is missing, i.e. 4 weeks or two full pay periods after initial submission, the affected member should contact the officer in charge of the unit where the overtime was worked.  Notification of a confirmed missing overtime should then be made to the Fiscal Office by that officer."  The city thus directed plaintiffs to wait 4 weeks or two full pay periods before they could inquire, through an indirect manner, about the late

6

payment of the overtime.

30.     The failure by Defendant to properly pay compensation owed to each Plaintiff in a timely manner is a knowing, willful or reckless violation of 29 USC §207 within the meaning of 29 USC §255(a).

31.     Except in those instances where the overtime payments were never made at all, or where defendant may not be entitled to a set-off under the FLSA and its regulations, defendant is liable to the plaintiffs for the liquidated damages on the amount that was untimely paid, and for reasonable attorney's fees, together with the costs and disbursements of this action.  For those instances where defendant failed to make required overtime payments at all, or where defendant is not entitled to a set-off for payments made, if any, defendant will be liable to the plaintiffs herein in the full amount of the unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

32.     The records of each plaintiff's hours worked, including overtime, and the date any such overtime was paid, is exclusively in the possession of defendant.  On information and belief, these records will show the precise dates overtime was worked and untimely paid.

33.     Therefore, plaintiffs are entitled to the unpaid overtime compensation and liquidated damages owed on this claim for the three year period immediately preceding the commencement of the action and for the time after the filing of this complaint during which the defendant continues to violate the provisions of the Act.

34.     The employment and work records for plaintiffs are in the exclusive possession, custody and control of the defendant, and plaintiffs are unable to state

7

precisely at this time the exact amounts owing to them.  The defendant is under a duty imposed by 29 U.S.C. section 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to plaintiffs from which some of the amounts of defendant's liability can be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs herein request from the Court the following relief:

(a) judgment declaring that defendants have violated plaintiffs' rights under the FLSA;

(b) an order for a complete and accurate accounting of all compensation to which plaintiffs are entitled;

(c) judgment against the defendant awarding plaintiffs monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid (or untimely paid) compensation, plus appropriate pre-judgment and post-judgment interest;

(d) reasonable attorney's fees; and

(e) the costs and disbursements of this action together with such other and further relief as the Court deems proper.

8

Dated: October ___, 2013                    Respectfully Submitted,


SOLOMON Z. KREVSKY, ESQ.
CLARK & KREVSKY, LLC
20 Erford Road, Suite 300
Lemoyne, PA   17043
Telephone: (717) 221-8338
Facsimile: (717) 221-0800

CHAMBERLAIN, KAUFMAN & JONES
Robert A. Jones, Esq.
Alan S. Kaufman, Esq.
35 Fuller Road, Suite 207
Albany, New York 12205
Facsimile: (518) 435-9102
Telephone:(518) 435-9435

Attorneys For plaintiffs

9

## JS-44 Attachment

Plaintiffs:

Robert W. Brennan, Colleen Carlin, William L. Joerger III, Ricky Madison, Michael McGuire, Steven M. Mesete, Raymond Mulderig, Kevin McFadden, Nicholas W. Paonessa, Brian K. Riley, Leo Shetz, James Taylor, Matthew Weber, Charles West, Charles Winrow, Scott Crawford, Mark Pietrafesa, and others similarly situated.

Attorneys for Plaintiffs:

Solomon Z. Krevsky, CLARK & KREVSKY, LLC, 20 Erford Road, Suite 300A, Lemoyne, PA   17043, Ph: 717-731-8600

Robert A. Jones, Alan S. Kaufman, CHAMBERLAIN, KAUFMAN & JONES, 35 Fuller Road, Suite 207, Albany, NY   12205, Ph: 518-435-9435