IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. BRENNAN, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | NO. 13-6635 |
| Defendant. | : | |

**MEMORANDUM OPINION**

**Timothy R. Rice**                                                                                          **June 21, 2016**
**U.S. Magistrate Judge**

      Plaintiffs, Philadelphia firefighters, claim the City failed to promptly pay overtime as required by the Fair Labor Standards Act ("FLSA"). Complaint (doc. 1) at ¶ 8. They seek partial summary judgment regarding the limited portion of their claim that concerns overtime payments paid later than FLSA recommends, but in accordance with the City's payroll policy. Pl. Mot. (doc. 74) at 1; Pl. Mem. (doc. 75) at 1. The City opposes Plaintiffs' Motion and moves for partial summary judgment regarding the same subset of payments. Def. Mot. and Mem. (doc. 79) at 7 n.10. I deny Plaintiffs' motion with prejudice. Their interpretation of the FLSA prompt overtime payment requirement conflicts with Department of Labor ("DOL") guidance, and would contravene statutory intent. I deny the City's Motion, without prejudice to renew after the close of discovery, because the facts it relies on to demonstrate that its payments are made as soon as practicable are in dispute. Pl. Resp. St. (doc. 81-2) at 2-30.

      Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence and any inferences from the evidence must be viewed in the light most favorable to the

non-moving party.  See Ray v. Warren, 626 F.2d 170, 173 (3d Cir. 2010).  If reasonable minds could conclude that there are sufficient facts to support a non-moving party's claims, summary judgment should be denied.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

I. Material Undisputed Facts

Neither party contests that Plaintiffs are current or former Philadelphia Fire Department employees.  Pl. St. (doc. 74-5) at ¶ 1; Def. St. (doc. 79-2) at I.1 ¶ 1.  Agreement ends there.  According to the City, Philadelphia pays its Fire Department employees every other Friday.  Def. St. ¶ 7, Ex. A ¶ 8.  Because a workweek begins on Monday and ends on Sunday, every other Friday employees are paid regular wages owed through the Sunday five days earlier.  Id. at ¶ 10, Ex. A ¶ 12.  Overtime, however, is only included through the second Wednesday of the pay period.  Id. at ¶ 107, Ex. B ¶ 40.  Thus, although most of an employee's overtime is included in each period's paycheck, overtime pay for the last four days of any pay period, i.e., overtime earned during the second Thursday through Sunday of each two-week pay period, is included in the following pay period's paycheck.

Plaintiffs, however, contest even that the Philadelphia Fire Department "has a specific policy regarding how paychecks are issued and delivered."  Pl. Resp. St. at 5, ¶ 23.  They do not concede that City employees are paid on a biweekly basis.  Id. at 2 ¶ 7.  Plaintiffs do not agree that four days are necessary to process overtime payment, id. at 15 ¶ 76-77, or even that four days are used for that purpose, id. at ¶ 80.  Plaintiffs have submitted evidence that purportedly shows that the approvals required by the City's overtime payment policy are pointless and inefficient.  Decl. of Robert Jones (doc. 8101) at 7-9.  They alternatively argue that, if the City's motion is not denied, its resolution should at least be delayed, since the parties agreed to suspend discovery only to seek resolution of the purely legal issue posed in Plaintiffs' motion.  Pl. Reply

2

(doc. 81) at 33; see also St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1315 (3d Cir. 1994) (finding District Court erred by granting summary judgment even though Plaintiff had explained the scope of discovery he still sought).

II. Discussion

FLSA requires employers to pay an employee at a rate of one and one-half an employee's regular pay rate if they are required to work more hours than a regular workweek. 29 U.S.C. §§ 206, 207. Overtime must be paid promptly. Brooks v. Village of Ridgefield Park, 185 F.3d 130, 141 n.1 (3d Cir. 1999) (dissent) (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945)). A 1968 DOL Bulletin clarifies the notion of "promptly" by requiring employers to pay "overtime compensation earned in a particular workweek . . . on the regular pay day for the period in which such workweek ends." 33 F.R. 18, 988 (Jan. 26, 1968); 29 C.F.R. § 778.106; Brooks, 185 F.3d at 135 ("the level of deference given to an interpretive bulletin is governed by the bulletin's persuasiveness"). That same DOL interpretation, however, allows that, "[w]hen the correct amount of overtime compensation cannot be determined until some time after the regular pay period," an employer can pay "the excess overtime compensation as soon after the regular pay period as is practicable." Id. It prohibits delay beyond that "reasonably necessary . . . to compute and arrange for payment," and proscribes paying "beyond the next payday after" the amount of overtime compensation owed can be determined. Id.

The City offers extensive evidence regarding the complex mechanics of determining firefighter pay to show that payments are made as soon "as is practicable." 29 C.F.R. § 778.106; Def. Mem. at ¶¶ 48 - 134. Plaintiffs' sole contention, however, is that "the only exception to the requirement of payment of FLSA overtime on the pay day for the pay period in which it was worked is when the correct amount of overtime cannot be calculated because the information to

3

do so does not exist." Pl. Br. at 4 (citing Compl. at ¶¶ 13-14). Plaintiffs claim the DOL Bulletin draws a bright line rule requiring all overtime to be paid in that work period's paycheck, but they ignore the Bulletin's plain language. Id. After stating its "general rule" that overtime should be paid in its corresponding pay period, the Bulletin recognizes that the rule will not apply "[w]hen the correct amount of overtime compensation cannot be determined until some time after the regular pay period." 29 C.F.R. § 778.106. There is no limitation in the Bulletin's language about the information's theoretical existence, just its practical computation. As long as the overtime is paid as soon after the initial pay period as practicable, "the requirements of the Act will be satisfied." Id.

Such guidance permits a reasonable payroll processing period, prohibiting only delaying payment "for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due." Id.; see also Harris v. Healthcare Services Group, Inc., No. 06-2908, 2008 WL 2789534, at *4 n.1 (E.D. Pa. July 18, 2008) (citing 29 C.F.R. § 778.106 as evidence that late overtime payment does not always violate FLSA). The guidance also specifically prohibits extending the processing period beyond the following pay period's paycheck. 29 C.F.R. § 778.106 ("in no event may payment be delayed beyond the next payday after such computation can be made"). Based on this final clause, even if the guidance were understood to address the theoretical existence of overtime information, any bright-line rule is at least one pay period later than Plaintiffs propose.

Plaintiffs' theories as to how the City could potentially improve its payroll practices, Pl. Mem. at 20, are "nothing but conjecture, and do not create triable issues of material fact." Parker v. City of New York, No. 04-4476, 2008 WL 2066443, at *12 (May 13, 2008). Moreover, Plaintiffs' concern, that any deviation from the general rule would make it impossible to

4

determine when a prompt payment suit accrues for purposes of computing the limitations period, is unfounded based on the plain language of other DOL guidance. Pl. Mem. at 11 (citing 29 C.F.R. § 790.21(b) for the proposition that an overtime prompt pay suit accrues on the regular payday of the pay period in which the overtime was worked).

Courts have upheld payroll procedures that pay overtime later than the pay date of the work period in which it was performed when that additional time was required to calculate the overtime and as long as the employees were paid as soon as practicable. For example, in Nolan v. City of Chicago, 162 F. Supp. 2d 999, 1005 (N.D. Ill. 2001), the court upheld the legality of Chicago's largely manual police payroll system that provided overtime payment "as soon as practicable," and never beyond the last day of the pay period following the pay period in which the overtime was worked.

Similarly, in Parker, plaintiffs were paid every two weeks, just like the City asserts Plaintiffs are paid here. Parker, 2008 WL 2066443 at *10. The Parker defendant, however, included the full second week of each pay period's overtime in the paycheck for the next pay period, not just the final four days. Id. at *11. Because of the size and complexity of the New York City payroll process, the court in Parker determined the delay was "reasonable" and had been "minimized to the extent practicable." Id. at 12; see also Edwards v. City of New York, No. 08-3134, 2011 WL 3837130, at *11 (S.D.N.Y. Aug. 18, 2011) (denying plaintiffs' overtime prompt pay summary judgment motion because plaintiffs "offer[ed] no evidence to suggest that defendant fails to pay them overtime as soon as is practicable, or that payment is delayed longer than is reasonably necessary" when policy was to pay second week's overtime in following pay period's paycheck); Cahill v. City of New Brunswick, 99 F. Supp. 2d 464, 474 (D.N.J. 2000)

(denying plaintiff's motion for summary judgment because he had failed to show that two-to-four-week delay in payment was not "reasonably necessary" to calculate and pay overtime).

Plaintiffs nevertheless claim Brooks, 185 F.3d 130 and Dunlop v. New Jersey, 522 F.2d 504 (3d Cir. 1975), support their position. Dunlop, however, upheld the right of employers to offer compensatory time off in lieu of overtime pay, but required the time off to be provided within the same pay period. Dunlop, 522 F.2d at 511. Most of the parties' arguments in Dunlop concerned the right of the federal government to interfere with a state program, and the parties did not dispute that the compensatory time off awarded under the challenged program was taken well after it was earned. Id. at 509 n.8, 512-17. In Brooks, police officers challenged the municipality's policy of intentionally deferring and paying overtime in lump sums, a policy sought by the officers during collective bargaining. Brooks, 185 F.3d at 132-34. The court in Brooks held the defendant liable because prompt payment is non-waivable, but also denied statutory damages because the employer was accommodating a collective bargaining demand made by the union. Id. at 136, 140.

The Brooks court clarified the authority of the DOL Bulletin requiring prompt payment. "[T]he level of deference given to an interpretive bulletin is governed by the bulletin's persuasiveness." Id. at 135. Although an interpretive bulletin is not a regulation and does "not have the effect of law," the Brooks court upheld the Bulletin's authority because it was "a reasonable construction of the FLSA." Id. at 135-36.

Plaintiffs seek to interpret this reasonable construction so strictly as to render it unworkable. They ignore the reality that overtime earned at the end of a pay period, i.e., during the last four days of the week, must be documented, verified, and processed before payment can be made. Walling v. Harnischfeger Corp., 325 U.S. 427 (1945) (FLSA "does not require the

6

impossible," but only demands payment "as soon as convenient or practicable under the circumstances"). Plaintiffs' claim for immediate and unverified transfer of funds would invite fraud, impose burdens on employers that are inconsistent with sound business practices, and potentially prove financially unfeasible when weighed against the nominal efficiency in payment that Plaintiffs seek.

Unlike cases involving intentional delays, e.g., Calderon v. Witvoet, 999 F.2d 1101, 1107 (7th Cir. 1993) (farm's policy of withholding portion of minimum hourly wage from migrant workers' paychecks and paying in lump sum at employment's end violated FLSA), U.S. v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 491 (2d Cir. 1960) (employer that intentionally delayed payment on behalf of corporate affiliate during bankruptcy violated FLSA), or chronically tardy overtime distribution, Biggs v. Wilson, 1 F.3d 1537, 1543 (9th Cir. 1993) (failure of state to pay employees during budget impasse violated FLSA), Martin v. United States, 117 Fed. Cl. 611, 613 (2014) (same for federal employees), paying overtime earned at the end of a pay period in the immediate next pay period can be consistent with the purposes of FLSA and a reasonable interpretation of the DOL Bulletin. Brooks, 185 F.3d at 136; Parker, 2008 WL 2066443, at *12; Brooklyn Sav. Bank, 324 U.S. at 706-07 (FLSA was enacted because, "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce.").

Additional discovery is needed, however, to determine whether the City's policy of delaying payment for the final four days of a pay period's overtime is reasonable, like the delay of a week's worth of overtime payments in Parker, or if it more closely resembles the

7

unreasonable delay found in <u>Dominici v. Board of Educ. of City of Chicago</u>, 881, F. Supp. 315, 321 (N.D. Ill. 1995) (employer violated FLSA by establishing a payroll policy that required assigning overtime to a "bucket" and failing to create the requisite "buckets") or <u>United States Department of Justice, et al</u>, 66 F.L.R.A. 537, 538, 541 (Federal Labor Relations Authority 2012) (upholding arbitration award finding FLSA prompt overtime payment violation when agency changed payment policy to rely on less accurate information that required up to an additional month to obtain).  Whether the City has accurately represented its payroll policy and whether that policy pays overtime as quickly as "practicable" are questions of disputed fact.  Jones Decl. at 7-9.  The City's cross-motion for summary judgment is therefore denied.  <u>Speer v. Cerner Corp.</u>, No. 14-204, 2016 WL 1267809, at *7 (W.D. MO. March 30, 206) (conditionally certifying class action against employer whose policy was to pay all overtime the pay period after it was earned, but noting that the court would still need to determine whether the employer was "paying the premium as soon as convenient or practicable under the circumstances" to establish liability).